Laubie, J.
William Chapbers died in September, 1841, seized in fee simple of the lands described in the petition.
On the 24th day of July, 1841, William Chambers executed his will, which aside from the formal facts, is as follows:
“ Item. I give'and devise to my beloved wife all my estate, real and personal, during her natural life, that shall be in my possession at my decease, and if my said wife should die before all my children should become of lawful age, then and in that case all the children that have not left home before they were of lawful age, and have submitted themselves to the control and direction of their mother, shall be entitled to one equal proportion of said estate, and to their heirs foV ever, when the youngest child shall become of lawful age, and those that áre not of lawful age at the death of their mother, shall be placed under lawful guardians, and if they remain under the control and direction of their said guardians until *283 they become of lawful age, they then shall be entitled to an equal proportion of said estate, and their heirs forever, with the rest of the heirs above mentioned. Any that have left home before they were of lawful age, or any that shall leave home, or not comply with the requisitions above stated, shall be entitled to the sum of twenty dollars and no more.
“ I also give and devise to- my daughter, Lucinda, that is now married to Isaac Ohaver, and to her heirs forever, an equal proportion of said estate when the youngest child.becomes of lawful age.”
Plaintiff claims that as son and heir of William Chambers, and as heir of his sister Martha, who survived his father, he is seized in fée-simple and has a legal right to the undivided one-eighth part of the lands described in the petition, and that defendant, by purchase, is seized of the other seven-eighths.
Defendant says that he is the owner of the entire fee. That John Chambers is entitled to nothing excepting $20, because, as he says in his. answer, “ plaintiff not then being of lawful age, left home, to-wit: the home of his father, and did not submit himself to the control and direction of his mother, and by reason thereof, and the said provision of said will, plaintiff is thereby forever barred from any share in said estate, and to any benefit of the provisions of said will.”
It appears from the evidence that William Chambers left to survive him his widow, Nancy Chambers, and nine children, including the plaintiff, who was the oldest, Martha, who died in infancy sooa after the death of her father, and Lucinda, the second child. That at the date of said will, John and Lucinda-had married, the latter to Isaac Ohaver, and were living away from the home of said testator. That Lucinda married after arriving at the age of eighteen years, and John was married when he was between the age of eighteen and nineteen years. • John was born in February, 1820, and obtained his majority in February, 1841. John married against the wishes of his father, but finally with his consent, and with his wife lived on the farms of his father until after he arrived at full age, and worked for his father the greater portion of his time, working for others occasionally.
*284 Nancy Chambers died July 13,1883, long after'the youngest child came of age. John Chambers, prior to 1856, bought of Lucinda Ohaver, and she and her husband conveyed to him, her interest in said lands; and on the 6th of March, 1856, John Chambers and wife did receive, release and quit-claim to defendant, Thos. F. Forsythe, by deed, all'their title, interest and estate, legal and equitable, as purchased from, and quit-claimed to them, by Isaac and Lucinda Ohaver, on the 24th day of February, 1854, in and to said land, together with all and singular the hereditaments and appurtenances thereunto belonging as conveyed to them by the above described conveyance, and the reversions, remainders, issues and profits thereof, and all the estate, right, title, interest, claim and demand whatsoever, as conveyed to them, either in law or equity, of, in and to said lands.
It further appears that Forsythe acquired the title of the other six children by quit-claim deeds, in each of which the interest conveyed was specified as the one undivided seventh part.
General principles, as well as the authorities, furnish an easy solution of this case. The intention of the testator, as gathered from the language of the will, and in view of his situation at the time it was made, seems reasonably clear. ' The phraseology is not-apt, and the will'was probably not written by one accustomed to express ideas with legal distinctness. Such is usually.the case in papers of this character.
We are of opinion, that it follows from these facts that William Chambers, by his will, did not dispose of said lands, or the fee thereof, in the event which followed, that his widow should live until the’ youngest child arrived at full age.
That plaintiff, therefore, is entitled, as heir of said William Chambers, his father, to the undivided one-ninth of said lands, and as heir of his sister, Martha Chambers, to the undivided one seventy-second part, in all to the undivided one-eighth part.
We are further of the opinion that by said deed to defendant, plaintiff did not convey the said interest so inherited by him, but only conveyed the same interest which passed to him by *285 the deed of Isaac Ohaver and wife, and that plaintiff is entitled to have partition of said lands as prayed for.
Steele & Rosemond, for plaintiff.
Anderson & Loche and F. W. Wood, for defendant.
Decree for plaintiff.